<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEE JAYS INC., ASIM MALIK,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>7-ELEVEN, INC.,<br><br>　　Defendant. | No. 25cv14404 (EP) (JBC)<br><br>**MEMORANDUM ORDER** |

For the reasons set forth below (and in the interest of justice), the Court *sua sponte* extends the briefing deadlines for the parties' cross-motions for preliminary injunctions, D.E. 5 ("Order Setting Briefing Schedule"), and finds that Plaintiff Pee Jays Inc. ("Pee Jays") may not proceed *pro se* and/or through the representation of Plaintiff Asim Malik ("Malik").

I.   **BACKGROUND**

Plaintiffs Pee Jays and Malik brought an action in the Superior Court of New Jersey against Defendant 7-Eleven Inc. on July 24, 2025, along with a motion for a preliminary injunction ("PI"), D.E. 1-2 at 29–30 ("Plaintiffs' PI Motion").  D.E. 1.  Plaintiffs seek relief based on Defendant's allegedly improper termination of a franchise agreement between Pee Jays and Defendant.  *Id.*  The termination is set to go into effect on August 27, 2025.  *Id.*  In state court, Malik appeared *pro se* purportedly on Pee Jays' behalf as well as his own.  *Id.*  Defendant removed the action to this Court on August 8, 2025.  *Id.*

On August 12, 2025, Malik—still appearing *pro se* purportedly for Pee Jays as well as himself—filed a Motion to Expedite Briefing and Hearing on Motion for Preliminary Injunction. D.E. 3.  Defendant filed its response thereto on August 13, 2025, indicating that it intended to file its own motion for a preliminary injunction and proposing a modified briefing schedule.  D.E. 4.

That same day, this Court issued an Order setting a briefing schedule for Plaintiffs' PI Motion and Defendant's anticipated motion for a PI. Order Setting Briefing Schedule. Per the Court's Order Setting Briefing Schedule, (1) Defendant was ordered to file its opposition to Plaintiffs' PI Motion and its own anticipated motion for a PI by August 16, 2025, (2) Plaintiffs were ordered to file their reply in support of Plaintiffs' PI Motion and their opposition to Defendant's anticipated motion for a PI by August 18, 2025, and (3) Defendant was ordered to file its reply in support of its anticipated motion for a PI by August 20, 2025.

On August 14, 2025, the Clerk of Court entered a "CLERK'S QUALITY CONTROL MESSAGE" on the docket stating, "Please be advised that although an individual is entitled to proceed pro se, a corporation must be represented by counsel." *See* Dkt. Because it did not appear that Malik had access to the docket, a member of this Court's staff placed a courtesy call (for informational purposes only) to Malik informing him of the docket entry from the Clerk of Court.

Defendant then filed its answer to Plaintiffs' complaint and a counterclaim against Pee Jays and Malik on August 15, 2025. D.E. 8 ("Answer and Counterclaim").

On August 16, 2025, Defendant timely filed its opposition to Plaintiffs' PI Motion, D.E. 9 ("Defendant's Opposition to Plaintiffs' PI Motion"), and its motion for a PI, D.E. 10 ("Defendant's PI Motion"). In Defendant's Opposition to Plaintiffs' PI Motion, Defendant argued that Malik did not have standing to obtain injunctive relief and that Pee Jays could not appear *pro se* or be represented by anyone not licensed to practice law. Defendant's Opposition to Plaintiffs' PI Motion at 14 & n.4.

Plaintiffs did not file a reply to Plaintiffs' PI Motion or an opposition to Defendant's PI Motion on August 18, 2025, as required by the Court's Order Setting Briefing Schedule. *See* Dkt. Instead, Malik filed "Plaintiffs' Response in Opposition to Defendant's Counterclaim of

2

Preliminary Injunction," which consists of an answer to Defendant's counterclaim. D.E. 12 ("Answer to Counterclaim"). The Answer to Counterclaim does not take the form of a brief nor does it discuss any caselaw or other authority supporting either Plaintiffs' PI Motion or opposing Defendant's PI Motion. *See id.* The Answer to Counterclaim was, once again, filed by Malik purportedly on behalf of Pee Jays (as well as himself). *Id.*

On August 20, 2025, Defendant filed a letter and statement under Local Civil Rule 7.1(d)(4) explaining that it would not file a reply to Defendant's PI Motion because Plaintiffs had not filed an opposition. D.E. 13.

## II.   DISCUSSION

Under ordinary circumstances, the Court would simply construe Malik's Answer to Counterclaim as an opposition to Defendant's PI Motion and render a decision on the cross-motions for PIs on the record before it. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that filings from *pro se* litigants should be held to "less stringent standards" than those drafted by attorneys).

In this case, however, the issue of Plaintiffs' standing for a PI (and to oppose Defendant's PI Motion) complicates matters. Defendant argues that Malik does not have standing to obtain a PI against it because the franchise agreement at issue in this breach of contract action is between Pee Jays and Defendant. Defendant's Opposition to Plaintiffs' PI Motion at 14. Malik does not dispute that the franchise agreement at issue in this breach of contract action is between Pee Jays and Defendant, though he does not concede that he does not have standing. *See* Answer to Counterclaim. While the Court will not decide whether Malik himself has standing for a PI at this juncture, the Court will consider and decide whether Malik may represent Pee Jays because it bears

3

on Pee Jays' ability to successfully make submissions to this Court regarding the cross-motions for PIs (and therefore be heard on those cross-motions).

Having considered the issue, the Court finds that Malik may not represent Pee Jays. "It is well-settled law that a corporation cannot represent itself in federal court." *Ready Pac Produce, Inc. v. G.P. Borak Enters., LLC.*, No. 07-3402, 2008 WL 11509905, at *2 (D.N.J. May 23, 2008) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)); *see also Beaver Res. Corp. v. Brawand*, 618 F. App'x 736, 738 (3d Cir. 2015) (affirming district court's dismissal of case for failure to prosecute where plaintiff corporation failed to secure counsel after the district court found that a corporation could not proceed *pro se* in federal court). Although Pee Jays only has one shareholder (Malik), it is a corporation. Answer to Counterclaim at 3, 5, 6. Pee Jays is therefore not permitted to represent itself. *Ready Pac Produce*, 2008 WL 11509905, at *2 (finding that a corporation could not represent itself); *Horizon Blue Cross Blue Shield of New Jersey v. Arsenis*, No. 23-22822, 2024 WL 2750824, at *4 (D.N.J. May 29, 2024) (same). Nor is Malik permitted to represent Pee Jays, because he is not a licensed to practice law, *see* Answer to Counterclaim. *Ready Pac Produce*, 2008 WL 11509905, at *2 (holding that sole owner and shareholder of LLC not licensed to practice law could not represent LLC); *Colony Ins. Co. v. Kwasnik, Kanowitz & Assocs., P.C.*, 288 F.R.D. 340, 342 n.2 (D.N.J. 2012) ("The entity of Kwasnik, Kanowitz & Associates, P.C. may not appear *pro se*, and it may not be represented by anyone not licensed to practice law." (citing *U.S. v. Cocivera*, 104 F.3d 566, 572 (3d Cir. 1995))).

Accordingly, in the interest of justice, the Court orders Pee Jays to obtain counsel if Pee Jays wishes to continue to pursue Plaintiffs' PI Motion and oppose Defendant's PI Motion. If Pee Jays does obtain counsel, the Court will permit Pee Jays—represented by counsel licensed to practice in New Jersey—to submit a reply to Plaintiffs' PI Motion and an opposition to

Defendant's PI Motion by August 24, 2025.[1] Defendant will then be permitted to file a reply to Defendant's PI Motion by August 25, 2025, if it so chooses.

Should (1) Malik take the position that he has standing to seek the relief sought by Plaintiffs' PI Motion and oppose Defendant's PI Motion separate and apart from Pee Jays (and therefore that Pee Jays need not itself appear and make submissions in this action for Malik)[2] or (2) Malik wish to separately (acting only for himself as a plaintiff in this matter) file a reply to Plaintiffs' PI Motion or opposition to Defendant's PI Motion in parallel with Pee Jays filing a reply to Plaintiffs' PI Motion or opposition to Defendant's PI Motion, the Court will also, in the interest of justice, permit Malik to submit a reply to Plaintiffs' PI Motion and an opposition to Defendant's PI Motion by August 24, 2025. **<u>For the avoidance of doubt, Malik will not be permitted to file any further documents in this action on behalf of Pee Jays.</u>** Defendant will then be permitted to file a reply to Defendant's PI Motion by August 25, 2025, if it so chooses.

The Court recognizes that this timeline is condensed, but the looming August 27, 2025, termination deadline (and the parties' own decisions with respect to prosecuting this action) have created the need for prompt action.

### III.  CONCLUSION AND ORDER

Accordingly,

**IT IS**, on this 20th day of August 2025,

---

[1] For the avoidance of doubt, the Court shall also permit Malik—acting only for himself as a plaintiff in this matter—to join in any reply to Plaintiffs' PI Motion or opposition to Defendant's PI Motion filed by Pee Jays' counsel.

[2] Malik contends in the Answer to Counterclaim that "[a]s president and sole shareholder of Pee Jays, Inc., and a signatory guarantor on the Franchise Agreement, Mr. Malik has both individual and representative standing to assert claims arising from Defendant's wrongful conduct." Answer to Counterclaim at 5.

5

**ORDERED** that Plaintiff Pee Jays Inc. may not file any further documents in this action without being represented by counsel licensed to practice in New Jersey; and it is further

**ORDERED** that Asim Malik shall not be permitted to file any further documents in this action on behalf of Plaintiff Pee Jays Inc.; and it is further

**ORDERED** that the Court shall *sua sponte* extend to **August 24, 2025**, Plaintiff Pee Jays Inc.'s deadline to file a reply to Plaintiffs' PI Motion and an opposition to Defendant's PI Motion **ONLY IF** Plaintiff Pee Jays Inc. is represented by counsel licensed to practice in New Jersey; and it is further

**ORDERED** that the Court shall *sua sponte* extend to **August 24, 2025**, Plaintiff Asim Malik's deadline to file a reply to Plaintiffs' PI Motion and an opposition to Defendant's PI Motion on behalf of Plaintiff Asim Malik **ONLY**; and it is further

**ORDERED** that Court shall *sua sponte* extend to **August 25, 2025**, Defendant's deadline to file a reply to Defendant's PI Motion in the event any Plaintiff in this action files an opposition to Defendant's PI Motion as allowed *supra*; and it further

**ORDERED** that the parties shall continue to serve one another by email simultaneously with any filing related to Plaintiffs' PI Motion and Defendant's PI Motion; and it is finally

**ORDERED** that Defendant shall serve a copy of this Order on Plaintiffs by email upon receipt of this Order.

*[Signature: Evelyn Padin]*
Evelyn Padin, U.S.D.J.